IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW STEVEN PHILLIPS,

        Petitioner,

    v.

RICK ANGELOZZI,

        Respondent.

Civil No. 1:12-cv-01022-PA

OPINION AND ORDER

MATTHEW STEVEN PHILLIPS
1417 Appleton Circle
Medford, OR  97504

        Petitioner *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
NICK M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

PANNER, Judge.

Petitioner, a former inmate of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (#3).

### BACKGROUND

On March 25, 2005, a Jackson County jury found Petitioner guilty on charges of Robbery in the First Degree, Kidnaping in the First Degree, and Kidnaping in the Second Degree. On May 6, 2005, the trial judge sentenced Petitioner to 90 months of imprisonment on the first two counts, and merged the conviction on count three into the conviction on count two.

Petitioner appealed. In a written opinion, the Oregon Court of Appeals affirmed the conviction and sentence. *State v. Phillips*, 217 Or. App. 93, 174 P.3d 1032 (2007). Petitioner sought review from the Oregon Supreme Court, which was denied. *State v. Phillips*, 345 Or. 159, 190 P.3d 380 (2008).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed the PCR judgment. Appellate counsel filed a *Balfour* brief on Petitioner's behalf, in which counsel acknowledged he had "not identified any arguably meritorious issue

on appeal."[1]   Resp. Exh. 164, p. 3.   Counsel also noted that
although he had "supplied [petitioner] with copies of pertinent
trial court records and provided [petitioner] a reasonable
opportunity to 'raise any issue' in a Section B portion of the
brief[,]" petitioner chose not to file a Section B.   Resp. Exh.
164, p. 4.   The Oregon Court of Appeals affirmed without opinion,
and the Oregon Supreme Court denied review.   *Phillips v.
Angelozzi*, 247 Or. App. 766, 274 P.3d 315, *rev. denied*, 351 Or.
761, 280 P.3d 393 (2012).

On June 7, 2012, Petitioner filed this action.   The Petition
for Writ of Habeas Corpus alleges four grounds for relief: (1)
denial of effective assistance of trial counsel; (2) conviction
obtained by the unconstitutional failure of the prosecution to
disclose evidence favorable to petitioner; (3) insufficient
evidence; and (4) new evidence of actual innocence.   Respondent
contends that Petitioner procedurally defaulted all of the claim
alleged and that, to the extent Petitioner's third and fourth
grounds are construed as free-standing claims of actual innocence,
they are not cognizable.

---

[1] Under Or. R. App. P. 5.90, if court-appointed counsel finds
no meritorious issues for appeal, he or she may submit a brief with
two parts.   *State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991).
Section A is signed by counsel and provides a brief statement of
the case.   Section B is prepared by the petitioner, and may include
any claim of error that the petitioner wishes to assert.

## DISCUSSION

### I.   Exhaustion and Procedural Default

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915–916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castillo v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a

claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992).

On direct appeal, Petitioner assigned as error the admission of evidence of a prior bad act and the constitutionality of his sentence. Neither claim is at issue in this habeas corpus action. During petitioner's state PCR proceeding, he presented numerous claims of ineffective assistance of counsel and prosecutorial misconduct to the PCR trial court. Petitioner did not, however, raise any claim whatsoever on appeal.[2] Petitioner did not fairly present any of the claims alleged in his Petition to the highest state court, and he is barred from now doing so. Accordingly, Petitioner procedurally defaulted all of the grounds for relief.

---

[2]In the brief on appeal to the Oregon Court of Appeals, petitioner's PCR appellate attorney contended that by filing a section A *Balfour* brief, petitioner was not abandoning any of the allegations made in the formal PCR petition to the trial court. Attachment of a petitioner's PCR petition to a *Balfour* brief can present legal questions for review "so long as the attachment serves as the Section B of the petitioner's brief." *Farmer v. Baldwin*, 346 Or. 67, 80, 205 P.3d 871 (2009). However, mere reference in section A of a *Balfour* brief to the claims asserted in the underlying trial proceeding is not sufficient to fairly present those claims on appeal. *See Jackson v. Belleque*, 2010 WL 348357, *4 (D.Or. Jan. 21, 2010) (inclusion of post-conviction petition in excerpt of record does not function as an incorporation by reference).

## II.    **Fundamental Miscarriage of Justice Exception to Procedural Default**

In Grounds Three and Four, petitioner appears to assert that he is actually innocent. A claim of actual innocence can excuse a procedural default where the petitioner introduces new evidence of his factual innocence such that, in light of that new evidence, no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner has not introduced new evidence of his innocence. Petitioner claims he has identified three witnesses who would testify in his favor, but he does not identify the witnesses or indicate the substance of their proposed testimony. Accordingly, Petitioner cannot excuse his procedural default.

Moreover, because petitioner cannot make a gateway showing of actual innocence under *Schlup*, to the extent Grounds Three and Four are construed as asserting a free-standing actual innocence claim, petitioner cannot prevail.[3] *House v. Bell*, 547 U.S. 518, 555 (2006) (a freestanding claim of innocence requires an even stronger showing of innocence than a gateway showing under *Schlup*).

---

[3]To the extent Ground Three is intended to constitute a due process challenge to the sufficiency of the evidence, such a claim is procedurally defaulted because it was not raised on direct appeal.

6 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus (#3) is DENIED.  The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **20** day of December, 2013.

Owen M. Panner
United States District Judge

7 - OPINION AND ORDER -